# LANGLEY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) Cr. No.: 2:19CR20255-01-TLP/CGC |
| | ) |
| vs. | ) 21 U.S.C. § 843 |
| | ) 21 U.S.C. § 846 |
| | ) |
| ERIN PEALOR, | ) FILED UNDER SEAL |
| | ) |
| Defendant. | ) |

## INDICTMENT

THE GRAND JURY CHARGES that at all times relevant to this Indictment:

1. The Controlled Substances Act ("CSA") governed the manufacture, distribution, and dispensing of controlled substances in the United States.

2. The CSA and its implementing regulations set forth which drugs and other substances were defined by law as "controlled substances," and assigned those controlled substances to one of five Schedules (Schedule I, II, III, IV, or V) depending on their potential for abuse, likelihood of physical or psychological dependency, accepted medical use, and accepted safety for use under medical supervision.

3. A controlled substance assigned to Schedule II meant that the drug had a high potential for abuse which may lead to severe psychological or physical dependence. Methylphenidate and Amphetamine were classified as a Schedule II drugs.

4. Under the CSA, Title 21, United States Code, Section 841(a) et seq., and Title 21, Code of Federal Regulations, Section 1306.04, a prescription for a controlled

1

substance is not legal or effective unless issued for a legitimate medical purpose by a practitioner acting in the usual course of professional practice.

## COUNTS 1-9

### Attempt to Acquire or Obtain a Controlled Substance by Misrepresentation, Fraud, Forgery, Deception, or Subterfuge
### (21 U.S.C. §§ 843, 846)

5. As set forth below, beginning in or around November 2017 and continuing through and around February 2018, in the Western District of Tennessee, **ERIN PEALOR**, the defendant herein, did knowingly and intentionally attempt to obtain Schedule II controlled substances, namely Methylphenidate and Amphetamine, by fraud, forgery, deception, and subterfuge, specifically by filling out prescriptions with false and fraudulent patient names and forging the signature of a physician, in violation of Title 21, United States Code, Sections 843(a) and 846.

| Count | Prescription Date | Name on Prescription | Controlled Substance |
|---|---|---|---|
| 1 | 11/7/17 | Lauren Burns | Methylphenidate (Ritalin) 20mg |
| 2 | 11/7/17 | Abigail Johnson | Methylphenidate (Methylin) 20mg |
| 3 | 11/7/17 | Jessica Johnson | Methylphenidate (Ritalin) 20mg |
| 4 | 11/14/17 | Ema Smith | Amphetamine (Adderall) 30mg |
| 5 | 11/16/17 | Olivia Burns | Methylphenidate (Ritalin) 20mg |
| 6 | 12/28/17 | Kim Wilson | Methylphenidate 20mg |
| 7 | 12/28/17 | Olivia Burns | Methylphenidate (Ritalin) 20mg |
| 8 | 1/25/18 | Michelle Wilson | Amphetamine (Adderall) 30mg |
| 9 | 2/13/18 | Elizabeth Barr | Amphetamine (Adderall) 30mg |

## NOTICE OF CRIMINAL FORFEITURE

**(21 U.S.C. § 853)**

6. The allegations contained in Counts One through Nine of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 21, United States Code, Section 853.

7. Pursuant to Title 21, United States Code, Section 853, the United States gives notice to defendant **PEALOR** that upon conviction of an offense in violation of Title 21, United States Code, Sections 843 and 846, the following property shall be subject to forfeiture:

    a. All property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense; and

    b. All property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense.

8. Defendant **PEALOR** is notified that upon conviction, a money judgment may be imposed equal to the total value of the property subject to forfeiture.

9. In the event that one or more conditions listed in Title 21, United States Code, Section 853(p) exists, the United States will seek to forfeit any other property of the defendants up to the total value of the property subject to forfeiture.

**A TRUE BILL:**

_____
**FOREPERSON**

_____
**DATE**

_____
**D. MICHAEL DUNAVANT
UNITED STATES ATTORNEY**

**ALLAN MEDINA
CHIEF, FRAUD SECTION, CRIMINAL DIVISION**

4