## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Case No: **19-cr-20255-TLP** |
| vs. | ) |
| ERIN PEALOR, | ) |
| Defendant. | ) |

## PLEA AGREEMENT

The Defendant, Erin Pealor, by and through her counsel, Unam Peter Oh, Asssistant Federal Public Defender, knowingly and voluntarily agrees with the United States, through D. Michael Dunavant, United States Attorney for the Western District of Tennessee, Robert Zink, Chief, Fraud Section, Criminal Divison, U.S. Department of Justice, and through Mark Erskine, the undersigned Assistant United States Attorney, and Ann Weber Langley, the undersigned Trial Attorney, to enter into the following plea agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C).

1. The Defendant agrees to enter a plea of guilty to the Indictment in this matter. In Counts One through Nine of the Indictment, the Defendant is charged with attempting to obtain possession of a controlled substance by misrepresentation, fraud, forgery, deception or subterfuge in violation of 21 U.S.C. §§ 843 and 846. The maximum penalty is 4 years imprisonment, a fine of not more than $250,000, or both, one year supervised release, and a $100 special assessment.

1

2.  The Defendant further agrees that:

a.  She is pleading guilty to the Indictment because she is guilty of the charges contained within;

b.  If she had proceeded to trial and had been convicted, she would have had the right to appeal the conviction. She understands that by pleading guilty, she gives up the right to appeal the conviction. Based on concessions made in this plea agreement by the United States, she also hereby waives her rights to appeal her sentence, including an upward departure or variance from the guideline range calculated by the Court, unless the sentence imposed by the Court exceeds the maximum sentence permitted by statute;

c.  Except with respect to claims of ineffective assistance of counsel or prosecutorial misconduct, she waives her right to challenge the sufficiency or the voluntariness of her guilty plea on direct appeal or in any collateral attack;

d.  The special assessment of $900 is due and payable to the U.S. District Court Clerk's Office, and the Defendant agrees to provide the United States with evidence of payment immediately after sentencing; and

e.  The United States will not bring any additional charges or indictments in the Eastern District of Tennessee with respect to the Defendant's conduct described below, which gave rise to Defendant's arrest in Blount County, Tennessee in February 2019. Nevertheless, the Defendant understands that information regarding her February 2019 arrest will be considered in determining the Defendant's relevant conduct for purposes of sentencing.

f.  This writing constitutes the entire Plea Agreement between the Defendant and the United States with respect to the plea of guilty. No additional promises, representations or inducements, other than those referenced in this Plea Agreement, have been made to the Defendant or to the Defendant's attorney with regard to this plea, and none will be made or entered into unless in writing and signed by all parties.

3.  Defendant admits that if put to its burden at trial, the government would be able to prove the following beyond a reasonable doubt:

*Beginning in or around November 2017 and continuing through around February 2018, in the Western District of Tennessee, Erin Pealor, the Defendant herein, did knowingly and intentionally attempt to obtain Schedule II controlled substances, namely Methylphenidate and Amphetamine, by fraud, forgery, deception, and subterfuge; specifically by filling out prescriptions with false and fraudulent patient names and forging the signature of a physician, Dr. Valerie*

Augustus. Ms. Pealor then attempted to fill those false and fraudulent prescriptions for controlled substances at various pharmacies.

In addition to the conduct charged in the September 2019 indictment in the Western District of Tennessee, Ms. Pealor admits to the following facts related to conduct in the Eastern District of Tennessee:

On February 18, 2019, law enforcement made contact with Ms. Pealor in a parking lot at CVS Pharmacy located at 103 Foothills Mall Drive, Maryville, TN. Law enforcement notified Ms. Pealor of her Miranda rights, and requested to search the vehicle. During the search, law enforcement located four fake Arkansas drivers' licenses, including one in the names of Lauren Burns. Law enforcement also seized a bottle of Methylphenidate (Ritalin) 20mg in the name of a minor and an empty pill bottle in the name of another minor, CVS Pharmacy sales receipts, prescriptions in the names of two other doctors, two ledgers that contained children's names, dates of birth, addresses and pharmacy names, and an iPhone.

This evidence revealed, and Ms. Pealor now admits that she was the manager of Youth Opportunity Services and had been knowingly stealing personal identifying information belonging to children in the Department of Children's Services database and using that information to write and pass fraudulent prescriptions in the childrens' names at numerous pharmacies in Blount and Knox counties. No one authorized the prescriptions, and Ms. Pealor's use of the childrens' identities was also unauthorized. Ms. Pealor forged prescriptions in the name of the other two doctors – Dr. Sharon Burnside and Dr. Michael Holmes, who did not authorize Pealor to place their names and signatures on the prescriptions. Some of those false and fraudulent prescriptions were found in her vehicle, but prior to being stopped, Ms. Pealor had successfully made unauthorized use of the identities of dozens of children in order to obtain Ritalin by means of forged prescriptions. Through this scheme, Ms. Pealor obtained an estimate of 5 thousand pills. She also stole the TennCare numbers for these children and used the children's TennCare benefits to pay for the prescriptions. Accordingly, she was knowingly using, without lawful authority, the identities of both children and physicians in order to commit the offense of health care fraud in violation of Title 18, United States Code Section 1347 and making false statements in connection with a health care matter in violation of Title 18, United States Code, Section 1035.

4. The Defendant understands that:

a. Should it be judged by the United States that the Defendant has committed or attempted to commit any additional crimes or has engaged in any conduct constituting obstruction or impeding justice within meaning of U.S.S.G. § 3C1.1 from the date of the Defendant's signing of this plea agreement to the date of the Defendant's sentencing, or if the Defendant

3

attempts to withdraw the plea, the government will be released from its obligations and would become free to argue for any sentence within the statutory limits, and would further become free to pursue any charges related to the above-admitted conduct in the Eastern District of Tennessee. Such a breach by the Defendant would not release the Defendant from the plea of guilty; and

b.  The Defendant further expressly waives her rights pursuant to Rule 410(a) of the Federal Rules of Evidence upon affixing her signature to this plea agreement. The Defendant understands and agrees that in the event the Defendant violates the plea agreement, the Defendant does not enter her plea of guilty, or her guilty plea is for any reason withdrawn, any statements made by the Defendant to law enforcement agents or an attorney for the prosecuting authority during plea discussions, any statements made by the Defendant during any court proceeding involving the Defendant's plea of guilty, including the "agreed facts" set forth herein, any other factual bases or summaries signed by the Defendant, and any leads from such statements, factual bases or summaries, shall be admissible for all purposes against the Defendant in any and all criminal actions.

5.  The parties agree that Defendant's base offense level, including relevant conduct under U.S.S.G § 2D2.2, is 8.

6.  The parties further agree that pursuant to Title 18, United States Code Section 3553(a), an upward variance from the guideline range is appropriate. Specifically, the defendant has a history of arrest for obtaining controlled substances unlawfully, using her position of trust as a social services worker to obtain and misuse the identities of children in the foster system, and continuing the behavior regardless of consequences. An upward variance would account for this history, the need for deterrence of this defendant and the behavior generally, to protect the public from further crimes, and to provide the defendant with long-term treatment or other care she may need to avoid repeating this conduct after her sentence.

7.  Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the Defendant agree that the appropriate disposition of this case is, and agree to recommend jointly that the Court impose a custodial sentence of 36 months. The Defendant understands that she will have the opportunity to withdraw her plea if this Plea Agreement is rejected by the Court. However, if this Plea Agreement is accepted by the Court, the Defendant understands this joint recommendation will be binding on the Court. The Defendant further understands that she may withdraw her plea only if the Plea Agreement is rejected by the Court. If the Defendant attempts to withdraw her plea for any other reason, then the Government will be free to argue for any sentence within the statutory limits.

8. Neither the United States, nor any law enforcement officer, can or has made any promises or representations as to whether and when the Court will accept the joint recommendation of the parties.

9. The United States agrees that, if the Court accepts the Defendant's guilty plea, it will not prosecute the Defendant for any offense related to the offenses described herein, with the exception of crimes of violence.

10. By signing this agreement, Defendant affirms that she is satisfied with her lawyers' counsel and representation, and hereby freely and voluntarily enters into this plea agreement. The Defendant understands that this writing constitutes the entire Plea Agreement between the Parties with respect to the plea of guilty. No additional promises, representations or inducements, other than those referenced in this Plea Agreement, have been made to the Defendant or to the Defendant's attorneys with regard to this plea, and none will be made or entered into unless in writing and signed by all parties.

_____  
ERIN PEALOR  
Defendant

5/1/20  
Date

_____  
UNAM PETER OH  
Defendant's Counsel

May 1, 2020  
Date

ROBERT ZINK
Chief
Fraud Section, Criminal Divison
U.S. Department of Justice

By: *[signature]*   05/04/2020
ANN WEBER LANGLEY                Date
Trial Attorneys, Health Care Fraud Unit
Fraud Section, Criminal Divison
U.S. Department of Justice

MARK ERSKINE
Assistant United States Attorney
Western District of Tennessee