**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Case No.    19-cr-20255-TLP** |
| **ERIN PEALOR,** | * | |
| **Defendant.** | * | |

_____

**DEFENDANT'S POSITION PAPER REGARDING SENTENCING**
_____

Defendant Erin Pealor, through counsel, hereby submits her position paper regarding sentencing.   On July 2, 2020, Probation prepared the draft Presentence Investigation Report ("PSR").   Defense counsel mailed a copy of the PSR to Ms. Pealor the same day.   On September 10, 2020, Ms. Pealor and defense counsel reviewed the PSR together over telephone.

**<u>Presentence Investigation Report</u>**

Ms. Pealor has no objections to the PSR's guidelines calculation.   Ms. Pealor also has no objections to the PSR's factual assertions but does wish to make a clarification.   In paragraphs 32 and 35, the PSR includes allegations that Ms. Pealor was purportedly in conflict or in altercations with Brittany Smith and Theodore Hunt, respectively.   (*See* PSR ¶¶ 32, 35).   Ms. Pealor states that she was not, in fact, the aggressor or harassing party in either instance.   Ms. Pealor desires to make this clarification on the record.

**Sentencing Recommendation**

Ms. Pealor and the government have agreed to recommend a sentence of 36 months imprisonment pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. Ms. Pealor honors the parties' agreement and requests a sentence of 36 months imprisonment.

Ms. Pealor also requests that the Court include a recommendation in the judgment regarding jail credit. Title 18, Section 3585(b) provides that "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences" if it is "(1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed[,]" if that that time "has not been credited against another sentence." The statute therefore provides, in simpler terms, "that a prisoner may receive credit toward a federal sentence [] if the time in question has not been credited against another sentence." *Barker v. Barnhart*, No. 18-5969, 2019 WL 4391453, at *3 (6th Cir. June 4, 2019); *see also, e.g.*, *Alexander v. Bureau of Prisons*, 419 Fed. Appx. 544, 546 (6th Cir. 2011).

Ms. Pealor requests that the Court recommend to the Bureau of Prisons that she receive credit for the time period from February 18, 2019 to January 2, 2020. It is undisputed that Ms. Pealor was arrested and detained at Blount County Jail in Maryville, Tennessee starting February 18, 2019. (*See* PSR ¶ 34). On September 20, 2019, the Court issued a writ of habeas corpus ad prosequendum to transfer Ms. Pealor from Blounty County Jail to this district. (*See* ECF No. 7). Ms. Pealor made her initial appearance in this district on October 11, 2019. (*See* ECF No. 11). Ms. Pealor remained at the West Tennessee Detention Facility at Mason, Tennessee until

December 30, 2019, when she was granted a federal bond.   (*See* ECF Nos. 13, 17 & 30).   Ms. Pealor was then transferred to Shelby County Jail ("201 Poplar") to address the State of Tennessee's petition to terminate diversion in connection with a prior case.   On February 12, 2020, the Shelby County Criminal Court terminated her pre-existing diversion and revoked probation and imposed a custodial sentence of four years imprisonment (the "State Sentence").   (*See* PSR ¶ 28; *see also* Exhibit 1).   Ms. Pealor has subsequently been serving her State Sentence at the Shelby County Correctional Center in Memphis, Tennessee (the "penal farm").   (*See, e.g.* ECF No. 42, Order issuing writ identifying the penal farm as Ms. Pealor's place of custody).

Accordingly, Ms. Pealor has a unbroken period of detention from February 8, 2019 to the present.   But each day after January 2, 2020 has already been credited to the State Sentence.   The State Sentence Judgment is attached as Exhibit 1.   The Judgment states that the State Sentence was imposed on February 12, 2020 with relevant "pretrial jail credit" from "1-3-20 to 2-12-20." (*Id.*).[1]   What this means, in practice, is that the remaining period from February 8, 2019 through January 2, 2020 constitutes "credit toward [Ms. Pealor's] federal sentence [that] has not been credited against another sentence."   *Barker*, 2019 WL 4391453 at *3; *Alexander*, 419 Fed. Appx. at 546.

Ms. Pealor therefore requests that the Court include the following language in the Judgment:

> The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for 36 months as to each of Counts 1 through 9, with all counts to run concurrently, for a total term of 36 months imprisonment.   The Court recommends that the Bureau of Prisons give defendant credit from February 8, 2019 through January 2, 2020 toward the service of this total term of imprisonment.

---

[1] The Judgment also provides for jail credit for two days in November 2015.   (*See id.*).   Those days are immaterial for purposes of Ms. Pealor's present request.

Defense counsel acknowledges that the Court may not *order* the grant of jail credit at this time.   *See United States v. Wilson*, 503 U.S. 329, 334-35 (1992) (finding that the Attorney General must first calculate jail credit under 18 U.S.C. § 3585(b)).   But nothing in the statute precludes the Court from make a *recommendation* regarding jail credit.   *See, e.g.*, *United States v. Lytle*, 565 Fed. Appx. 386, 392 (6th Cir. 2014) ("The judgment also reflects the district court's recommendation, stating, 'the Court recommends that the Defendant receive credit for any time served in federal custody' . . . . The district court's recommendation to the BOP is consistent with § 3585(b)"); *see also, e.g.*, *United States v. Bey*, No. 1:04–CR–0231, 2011 WL 333051, at *1 (N.D. Ohio Jan. 31, 2011) ("A district court judge may recommend such credit in the sentencing judgment, but such recommendation does not bind the Bureau of Prisons.").   A recommendation regarding jail credit may be especially helpful to the BOP where, as here, the calculation of jail credit entails tracing Ms. Pealor's path from Blount County to Mason to 201 Poplar to the penal farm with a State Sentence Judgment imposed midstream.   Ms. Pealor requests the Court's recommendation so that she might have the best opportunity for fair application of § 3585(b).

Respectfully Submitted,

DORIS RANDLE-HOLT
FEDERAL DEFENDER

*s/ Unam Peter Oh*
Assistant Federal Defender
200 Jefferson Ave., Suite 200
Memphis, TN 38103
(901) 544-3895

## <u>CERTIFICATE OF SERVICE</u>

I, Unam Peter Oh, certify that on September 17, 2020, a true copy of the foregoing was forwarded via the Court's electronic filing system to Ann Langley and Mark Erskine, Assistant United States Attorneys, Clifford Davis and Odell Horton Federal Office Building, Suite 800, 167 North Main Street, Memphis, Tennessee, 38103.

*s/ Unam Peter Oh*
Assistant Federal Defender